**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KELVIN WELLS** | **CIVIL ACTION** |
| **VERSUS** | |
| **SID GAUTREAUX, et al.** | **NO. 23-1558-SDD-SDJ** |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations **within 14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 18, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KELVIN WELLS**                                      **CIVIL ACTION**

**VERSUS**

**SID GAUTREAUX, et al.**                             **NO. 23-1558-SDD-SDJ**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Set Aside Entry of Default (R. Doc. 8) filed by Defendants East Baton Rouge Parish Sheriff Sid J. Gautreaux, Cpl. Dejuan Fleming, and the East Baton Rouge Parish Sheriff's Office on June 12, 2024. Plaintiff opposes the Motion, having filed an Opposition (R. Doc. 11) on June 18, 2024. The Sheriff Defendants filed their Reply in support of their Motion (R. Doc. 12) on June 27, 2024. For the reasons set forth below, it is **recommended** that the Sheriff Defendants' Motion be **granted**.

On June 5, 2024, *pro se* Plaintiff Kelvin Wells filed a Motion seeking entry of default against the Sheriff Defendants for their failure to timely file an answer or other responsive pleading in this matter.[1] The Court, finding that "[s]ervice having been executed on Defendants, Sid Gautreaux, East Baton Rouge Sheriff's Department, Dejuan Fleming, and Darion Garrett, on April 9, 2024, and no answer, claim or other responsive pleadings having been filed," granted Plaintiff's Motion on June 6, 2024.[2] Soon thereafter, on June 12, 2024, the Sheriff Defendants filed the instant motion, seeking to have the entry of default against them set aside.

---

[1] R. Doc. 4. The Court notes that the Motion sought entry of default against all Defendants, including Davion Garrett.
[2] R. Doc. 5.

I.  **Applicable Law**

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "The good cause standard is a liberal one, and trial courts have wide discretion in deciding whether or not to set aside a default judgment." *Hunsinger v. Affordable Auto Prot., LLC*, No. 21-830, 2021 WL 5910683, at *2 (N.D. Tex. Nov. 29, 2021). "We are mindful that 'good cause' is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). "In determining whether to set aside a default decree, the district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Id.*, quoting *U.S. v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985). These factors are not exclusive, and another factor to consider is whether defendant acted expeditiously to correct the default. *Id.* at 184. "When ... a defendant's neglect is at least a partial cause of its failure to respond, the defendant has the burden to convince the court that its neglect was excusable, rather than willful, by a preponderance of the evidence." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014). Here, these factors, discussed, in turn, below, weigh in favor of setting aside the entry of default.

II.  **Discussion**

A.  **Whether Default by the Sheriff Defendants was Willful**

First, the Sheriff Defendants' failure to timely respond does not appear willful. Rather, it "was the result of improper service."[3] As asserted by the Sheriff Defendants, Cpl. Fleming and the Sheriff were not properly or timely served, and the Sheriff's Office does not have the capacity

---

[3] R. Doc. 8-1 at 3.

to be sued.[4]  *See Williamwest v. Richardson*, No. 21-800, 2021 WL 4863260, at *2 (E.D. La. Oct. 19, 2021) ("Absent proper service of process, the Court lacks jurisdiction over a defendant, and an entry of default granted under such conditions is void.") (internal quotations and modifications omitted).  As such, per the Sheriff Defendants, no answers or responses were due from any of the Sheriff Defendants when default was entered by the Clerk.[5]

Beginning with Cpl. Fleming, Plaintiff's first attempt at service on April 24, 2024, was returned unexecuted, as the summons was refused by the Sheriff's Office.[6]  Plaintiff next attempted to serve Cpl. Fleming on or about May 20, 2024, this time by certified mail.[7]  However, certified mail is not a proper means of service under Federal Rule of Civil Procedure 4(e).[8]  And Louisiana law also does not authorize service by mail of a complaint.  *See Puckett v. Powers*, No. 11-613, 2012 WL 1565662, at *2 (M.D. La. Apr. 3, 2012), *report and recommendation adopted*, 2012 WL 1565623 (M.D. La. Apr. 30, 2012) (finding that service via certified mail would not be in accordance with La. Code Civ. P. art. 1313 because it "only applies to pleadings 'subsequent to the original petition'"); *Williamwest*, 2021 WL 4863260, at *4 ("Notably, neither the Federal Rules of Civil Procedure, nor Louisiana law, provide for service of process on individuals within the State of Louisiana by certified mail.") (internal quotations and modification omitted).

With regard to Sheriff Sid Gautreaux, Plaintiff has not indicated whether he is being sued in his individual or official capacity, or both.  However, the Sheriff Defendants argue that service was not proper in either capacity.[9]  Summons for Sheriff Gautreaux was served on Capt. Tommy

---

[4] *Id.*
[5] *Id.*
[6] R. Doc. 4 at 5.
[7] *Id.* at 6.
[8] While Rule 4(e) itself does not provide for certified mail as a proper means of service, Rule 4(e)(1) states that an individual may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."
[9] R. Doc. 8-1 at 5.

Moore, Assistant Chief of Civil Services, who the Proof of Service indicates is "designated by law to accept service of process on behalf of" Sheriff Gautreaux.[10] Per the Sheriff Defendants, however, Tommy Moore "is not authorized by law to accept service on behalf of the Sheriff," and Plaintiff has provided no evidence to the contrary.[11]

In addition, assuming Sheriff Gautreaux is being sued in his individual capacity, Louisiana law does not authorize service of an individual at the individual's place of work. *Williamwest*, 2021 WL 4863260, at *4. If Sheriff Gautreaux is being sued in his official capacity, Louisiana Code of Civil Procedure art. 1265 requires that "[a] public officer, sued as such, may be served at his office either personally, or in his absence, by service upon any of his employees of suitable age and discretion."[12] While it is clear from the Proof of Service that Sheriff Gautreaux was not personally served, it is not clear that he was absent at the time of service, as noted by the Sheriff Defendants. Thus, the Court lacks evidence of proper service.

Turning next to service of the Sheriff's Office, that entity lacks the capacity to be sued.[13] "Under Rule 17(b), Fed.R.Civ.P., the capacity to sue or be sued must be determined by the law of the state in which the district court is held." *Leonard v. Graves*, No. 10-485, 2010 WL 3719612, at *1 (M.D. La. Jul. 26, 2010). "It is … well settled under Louisiana law that a sheriff's department or office or the parish prison is not a separate legal entity capable of being sued." *Id.*, citing *Valentine v. Bonneville Ins. Co.,* 691 So.2d 665 668 (La. 1997); *Jenkins v. Jefferson Parish Sheriff's Office,* 385 So.2d 578 (La.App. 4th Cir. 1980). As asserted by the Sheriff Defendants, "the Sheriff's Office should not have been defaulted for failing to respond to Plaintiff's Amended

---

[10] R. Doc. 4 at 3.
[11] R. Doc. 8-1 at 5.
[12] Fed. R. Civ. P. 4(j)(2)(B) allows for service on a state or local government "in the manner prescribed by that state's law for serving a summons or like process on such a defendant."
[13] R. Doc. 8-1 at 7.

Complaint because it has no legal capacity that would allow it to do so."[14]

Finally, Federal Rule of Civil Procedure 4(m) requires service on a defendant "within 90 days after the complaint is filed." Here, Plaintiff filed his initial Complaint on November 2, 2023, and his Amended Complaint on November 30, 2023. He did not serve any Defendant until April 2024, more than 90 days after the filing of both his initial and amended Complaints. As such, service was untimely on Defendants.

In light of these assertions by the Sheriff Defendants, which call into question the propriety, sufficiency, and timeliness of service on them by Plaintiff, the Court finds that the Sheriff Defendants were not willful in failing to respond to Plaintiff's Complaint and/or Amended Complaint. *See Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir. 2022) (finding defendant showed good cause to set aside his default because he was never properly served).

### B. Whether Setting Aside Default Would Prejudice Plaintiff

Second, there is no evidence before the Court that Plaintiff would be prejudiced if the Clerk's entry of default was set aside. And Plaintiff does not argue same in his Opposition. This case is still in its infancy; a Scheduling Order has not even been entered yet. The Fifth Circuit has made clear that "[t]here is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case.'" *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000). As such, the Court finds that Plaintiff would not be prejudiced by having the default set aside.

### C. Whether the Sheriff Defendants Have Presented a Meritorious Defense

Third, it appears that the Sheriff Defendants may have a meritorious defense to the claims pending against it. The Sheriff Defendants first assert a defense based on Plaintiff's insufficient

---

[14] *Id.* at 7-8.

and untimely service of process under Federal Rule of Civil Procedure 12(b)(5), as previously discussed.[15]  The Sheriff Defendants also argue that Plaintiff's Amended Complaint should be dismissed pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure "because the Amended Complaint is a shotgun pleading that lacks factual allegations, contains numerous irrelevant attachments, and is a hodgepodge of documents with statements written on them in narrative form."[16]  Per the Sheriff Defendants, these deficiencies make it "virtually impossible" for them "to frame their responsive pleadings and determine which facts/attachments support which claims or to even determine what claims are being made."[17]

"This factor is not measured by whether the defenses presented will ultimately succeed, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Poullard v. Hebert*, No. 22-430, 2023 WL 4230354, at *3 (M.D. La. Jun. 6, 2023), *report and recommendation adopted*, 2023 WL 4223529 (M.D. La. Jun. 27, 2023), citing *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008).  Based on the Sheriff Defendants' assertions, which, if found to be true, would provide a complete defense to Plaintiff's claims, the Court finds that the Sheriff Defendants have presented a meritorious defense for purposes of establishing good cause to set aside default.

### D.    Whether the Sheriff Defendants Acted Expeditiously

Finally, the Sheriff Defendants acted expeditiously in correcting the default.  The default was entered on June 6, 2024, and the Sheriff Defendants filed the instant Motion on June 12, 2024, less than one week later.[18]  Plaintiff, in his Opposition, also does not argue that the Sheriff Defendants did not act expeditiously in responding to the entry of default against them.  The Court

---

[15] R. Doc. 8-1 at 8.
[16] *Id.*
[17] *Id.* at 8-9.
[18] *See* R. Docs. 5, 8.

finds the Sheriff Defendants acted expeditiously in correcting the default, given their filing of the instant Motion less than one week after the Clerk's Order. *See Hunsinger*, 2021 WL 5910683, at **1, 3 (finding defendant acted expeditiously when it filed its Motion to Set Aside Entry of Default just over two weeks after entry of default by the Clerk of Court).

### III.   Conclusion

In sum, the Court, in finding that the Sheriff Defendants did not act willfully in failing to respond to Plaintiff's Complaints, have presented a meritorious defense against Plaintiff's claims, and acted expeditiously to have the default against them set aside, and that setting aside default will not prejudice Plaintiff, also finds that the Sheriff Defendants have demonstrated good cause for setting aside the entry of default against them.  Accordingly,

**IT IS RECOMMENDED** that the Motion to Set Aside Entry of Default (R. Doc. 8) filed by Defendants East Baton Rouge Parish Sheriff Sid J. Gautreaux, Cpl. Dejuan Fleming, and the East Baton Rouge Parish Sheriff's Office be **GRANTED**.

Signed in Baton Rouge, Louisiana, on October 18, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**